UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ADRIAN L. KEARNEY, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:05-cv-1302-SEB-JMS |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING ENTRY OF JUDGMENT**

The petition of Adrian Kearney for a writ of habeas corpus is **denied** and this action is **dismissed with prejudice.**

**I. Nature of the Case**

Kearney seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**II. Parties**

Kearney is an inmate in the custody of the Indiana Department of Correction. He is confined at the Pendleton Correctional Facility.

The respondent is Kearney's custodian, and in this action is sued in his official capacity only as the representative of the State of Indiana.

**III. Procedural Background**

Kearney was convicted in an Indiana state court in 2001 of possession of cocaine, dealing in cocaine, and resisting law enforcement. He is now serving a 51-year sentence for those offenses. His convictions were affirmed on direct appeal in *Kearney v. State,* No. 49A02-0140-CR-0208 (Ind.Ct.App. April 4, 2002). In that direct appeal, Kearney argued that the State failed to establish a proper chain of custody to admit into evidence the cocaine Kearney sold the confidential informant, the State did not present sufficient evidence to prove the weight of the cocaine, and the trial court erred by admitting into evidence the rifle taken from Kearney's car. The Indiana Court of Appeals rejected these

arguments, explaining that the State provided reasonable assurances that the cocaine passed through the various hands in an undisturbed condition, that Kearney's failure to object to the weight of the cocaine or the lab technician's testimony waived this error, and that even though the photograph of the rifle might be irrelevant, it was nevertheless harmless given the weight of the evidence against Kearney.

Kearney then filed an action for post-conviction relief, arguing that he was denied the effective assistance of counsel at trial and that the trial was infected by fundamental error. Specifically, he claimed that his trial counsel was ineffective because: (1) he failed to object to the admission of the chemist's lab report when the chemist failed to establish the accuracy of the tests used to determine the nature and weight of the substance; (2) he failed to object to the admission of the assault rifle and testimony of the thirty-round magazine found in the assault rifle; and (3) he failed to call Nikkeea White as a witness to verify that his vehicle had been stolen which would have established that Kearney had not participated in the drug exchange. Kearney's specification regarding the existence of fundamental error was that the admission of the rifle and the testimony regarding the ammunition found in the assault rifle amounted to fundamental error because of the prejudicial effect it had against Kearney. The trial court's denial of the petition for post-conviction relief was affirmed in *Kearney v. State,* No. 49A05-0312-PC-00618, at p. 2 (Ind.Ct.App. 2004), and the Indiana Supreme Court denied Kearney's petition for transfer. The filing of this action followed, and the matter is presented on Kearney's petition for a writ of habeas corpus, on the other pleadings and briefs and on the expanded record.

### IV. Facts

The Indiana Court of Appeals set forth the facts of Kearney's convictions as follows:

> On January 24, 1997, a confidential informant, Joseph Matthews, and Lawrence police detectives purchased six grams of cocaine from Kearney. After the buy, the investigating officers attempted to arrest Kearney. Kearney, unable to drive away, fled on foot and abandoned his vehicle. Eventually, Kearney was apprehended, and the State charged him with dealing in cocaine, possession of cocaine, and resisting law enforcement.
>
> A trial by jury was held on January 7 and 8, 1998. At the trial, Linda McCready, a crime lab technician, testified that the substance Matthews bought from Kearney was cocaine and weighed 6.0974 grams. Also during the trial, the State entered into evidence a "MAC 90" rifle that was found in the backseat of Kearney's vehicle during a search that was conducted after Kearney had fled the scene. At that time, Kearney's attorney objected twice to the admission of the rifle because it was irrelevant to the charges Kearney faced and was being admitted solely to prejudice the jury against Kearney. In the end, the trial court admitted the rifle into evidence.

*Kearney v. State,* No. 49A05-0312-PC-00618, at p. 2 (Ind.Ct.App. 2004).

**V.  Kearney's Claim**

Kearney claims that trial counsel was ineffective for failing to present the testimony of Nikkeea White.

**VI.  Standard of Review**

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004).

Review of the habeas petition in this case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7-8 (2003); *Lambert,* 365 F.3d at 561.

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 141 (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

**VII. Analysis**

Kearney contends that he was denied the effective assistance of counsel at trial. His contention is that if Nikkeea White had been called as a witness she could have testified to the circumstances regarding the theft of her car, and hence that Kearney had not participated in the drug exchange.

To support an ineffective assistance of counsel claim under *Strickland v. Washington,* 466 U.S. 668, 684 (1984), Kearney must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 695. A failure to establish either prong would result in a denial of Kearney's claim. *See Rastafari v. Anderson,* 278 F.3d 673, 688 (7th Cir. 2001). The first prong is satisfied by a showing that counsel's performance fell below the "objective

standard of reasonableness" guaranteed under the Sixth Amendment. *Barker v. United States,* 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 688). In evaluating whether counsel's performance was deficient, "the court must defer to counsel's tactical decisions," avoid "the distorting effects of hindsight" and give counsel the benefit of a strong presumption of reasonableness. *Strickland*, 466 U.S. at 689. The prejudice prong of *Strickland* requires petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

A federal habeas court does not apply the principles of *Strickland* directly, but instead analyzes whether the state courts reasonably applied federal law. *See Conner v. McBride,* 375 F.3d 643, 657 (7th Cir. 2004). This review is "quite deferential," and will not permit disturbing the state court's decision as long as it is objectively reasonable. *Barrow v. Uchtman,* 398 F.3d 597, 60 3 (7th Cir. 2005). "The state court decision is reasonable if it is 'minimally consistent with the facts and circumstances of the case.'" *Schultz v. Page,* 313 F.3d 1010, 1015 (7th Cir. 2002) (quoting *Schaff v. Snyder,* 190 F.3d 513, 522 (7th Cir. 1999)), *cert. denied*, 528 U.S. 1057 (2003).

In this case, the Indiana Court of Appeals properly identified the two applicable prongs under *Strickland. See Kearney v. State,* No. 49A05-0312-PC-00618, at p. 2. In then applying the *Strickland* standard, the Indiana Court of Appeals did not apply that standard in a manner contrary to the holdings of the United States Supreme Court, nor did its analysis constitute an objectively unreasonable application of *Strickland's* standard requiring both deficient performance and prejudice.

> Here, the record reveals that White filed the stolen vehicle report the day after the cocaine transaction, Appellant's App. p. 74-75, 80, and there is no evidence supporting the conclusion that the car was stolen before the cocaine transaction occurred. Thus, White's testimony would not have been relevant to Kearney's defense. Further, the credibility of White's testimony could have been attacked at trial, had she testified. Specifically, it is undisputed that White paid at least a portion of Kearney's legal fees, was the mother of Kearney's child, and she attended Kearney's trial. Appellant's App. 82-84. In light of these circumstances, we conclude that Kearney's counsel acted within his discretion and made a sound strategic decision in deciding not to call White to testify.

*Kearney v. State,* No. 49A05-0312-PC-00618, at p. 7. Kearney has not shown by clear and convincing evidence, nor by any evidence at all, that the facts on which the above statement is based are not correct. The findings of fact are therefore accepted for the purpose of this proceeding, and no relief or re-determination of the facts is available to Kearney under § 2254(d)(2). See *Harding v. Walls,* 300 F.3d 824, 828 (7th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1) and explaining that courts refer to (e)(1) for the petitioner's burden of proof when that petitioner tries to make a (d)(2) showing of unreasonable state court factual determinations).

"The decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony." *Lema v. United States,* 987 F.2d 48, 54 (1st Cir. 1993). The decision was made in this case with Kearney's attorney having investigated and being fully informed of White's knowledge and actions and of the anticipated and actual testimony of other witnesses. The decision was also made with knowledge of how White's credibility could have been attacked. The decision here was strategic. Strategic or tactical decisions are presumed correct. *Strickland,* 466 U.S. at 690 (holding that strategic choices made after a thorough investigation of law and facts are "virtually unchallengeable"). The decision not to call White as a witness fell within the range of reasonable professional assistance, and there was no deficient performance of counsel under these circumstances. *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001) ("It is not deficient performance to fail to raise an argument with no real chance of success."). It has been noted that "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus," *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997). While such errors do occur, *e,g., Brown v. Sternes,* 304 F.3d 677 (7th Cir. 2002); *Roche v. Davis*, 291 F.3d 473, 483-84 (7th Cir. 2002), no such error occurred in Kearney's case.

The Indiana Court of Appeals' discussion of this issue also shows that Kearney was not prejudiced by counsel's failure to call White as a witness. The identification evidence of Kearney as having been involved in the drug transaction was strong and White's potential testimony regarding the theft of her car would have been of no or of marginal value at best. Kearney has not met his burden with respect to the prejudice prong of *Strickland* that there is a reasonable probability that, but for counsel's failure to call White as a witness, the result of the trial would have been different. *Mickens v. Taylor,* 535 U.S. 162, 166 (2002) ("[A]s a general matter, a defendant alleging a Sixth Amendment violation must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.")(quoting *Strickland,* 466 U.S. at 694).

## VIII. Conclusion

This court has carefully reviewed the state record in light of Kearney's claim and has given such consideration to that claim as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Kearney to relief in this case. Accordingly, his petition for a writ of habeas corpus must be **denied** and this cause of action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date:   3/13/07

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana